**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Abdirahmaan G.,

Petitioner,

v.

The Warden, AFOD, Attorney General, ICE Director,

Respondents.

**MEMORANDUM OF LAW AND ORDER ON REPORT AND RECOMMENDATION**

**Civil File No. 26-3649 (MJD/DJF)**

---

Abdirahmaan G., pro se.

David W. Fuller, Pedro Del Valle, IV, Assistant United States Attorneys, Counsel for Federal Respondents.

---

## I. INTRODUCTION

This matter is before the Court on the Report and Recommendation of Magistrate Judge Dulce J. Foster dated August 24, 2026. (Doc. 6.) Magistrate Judge Foster recommends denying Petitioner's Motion for Writ of Habeas Corpus. Petitioner has filed objections. (Docs. 7-8.) There is no response to the objections.

## II. FACTS

Petitioner is currently detained at the Kandiyohi Jail pursuant to 8 U.S.C. § 1225(b)(2) pending the outcome of the ongoing removal proceedings against him.

Petitioner is a citizen of Somalia and a resident of the Twin Cities. (Doc. 7.) He is married and has a stepchild and a U.S.-citizen child. Petitioner is a "pastor" at a Minneapolis mosque. (Doc. 1-1.) Petitioner has no criminal record, has a pending asylum claim, and pays taxes. (Doc. 7 at 1.) He complies with yearly ICE check-ins. (Id.) There is no information in the petition regarding how or when Petitioner entered the United States, although his objections say he has "4 years ties to community." (Doc. 8.) He has been in ICE custody since December 6, 2025. The petition states "bond hearing denied February 7, 2026." (Doc. 1 at 2.) It is unclear if this means Petitioner had an initial bond hearing and conditional release was denied or if Petitioner never received a bond hearing.

On April 8, 2026, an immigration judge issued an order of removal for Petitioner. (Id. at 4.) Petitioner's appeal to the Board of Immigration Appeals is pending, which means that the removal order is not final. 8 C.F.R. § 1241.1.

## III. THE R&R

In the R&R, Magistrate Judge Foster stressed that Petitioner is being held in detention pursuant to 8 U.S.C. § 1225(b) because his removal order is not yet administratively final. Thus, Petitioner's detention is not subject to the six-month presumptive cap that applies after a removal order is final. (Doc. 6 at 2.)

Although Petitioner had been in detention approximately nine months at the time the R&R was issued, Magistrate Judge Foster recommended denying the petition. (Id. at 5.) She relied on Banyee v. Garland, 115 F.4th 928 (8th Cir. 2024), which held that "a detainee subject to mandatory detention during removal proceedings cannot challenge his detention on the ground that it is taking too long." (Id. at 3.) Magistrate Judge Foster stated that Petitioner's claim that his detention violates the Fifth Amendment is "precisely the claim now foreclosed by Banyee." (Id. at 4.) Accordingly, she found that "Petitioner is subject to mandatory detention under section 1225(b) until his removal proceedings reach their conclusion" and recommended denying the petition. (Id. at 4-5.)[1]

### A. Petitioner's Objections

Petitioner argues that his continued detention without at least a bond hearing violates his Fifth Amendment due process rights. (Doc. 7.) Petitioner calls the Court's attention to the R&R in Sileymane D. v. Warden, Civil No. 26-

[1] Magistrate Judge Foster also acknowledged that Petitioner filed allegations related to his medical care while in detention. (Id. at 4 n.3) She stated these claims must be prosecuted via a non-habeas civil case. (Id. (citing Spencer v. Haynes, 774 F.3d 467, 469 (8th Cir. 2014)).) To the extent Petitioner objects to the R&R's finding that his medical claims must be filed separately, something that is not clear, that objection is overruled.

2794 (NEB/DJF), in which Magistrate Judge Foster recommended that the petitioner be granted a bond hearing because his continued detention without a hearing violated due process. (Doc. 8.)

**B. Discussion**

This case is in an odd procedural posture. Because Petitioner filed his petition pro se from jail, it appears it was handled as a pro se prisoner case. However, the R&R correctly treats this as an immigration case. Petitioner seeks the same relief as the majority of the Court's immigration habeas petitioners.

For the following two reasons, the Court rejects the R&R in part and orders that Petitioner receive a bond hearing.

First, this Court has consistently held that "citation to Banyee to support [the] argument that Petitioner has no procedural due process right to a bond hearing under 8 U.S.C. § 1225(b) is misplaced. This Court has previously found the broad due process pronouncements in Banyee 'cabined to the statutory and factual context in which they arose,' which was a detention under 8 U.S.C. § 1226(c)." See, e.g., Kevin H.Q. v. Blanche, Civil File No. 26-03975 (MJD/SGE), Docket No. 11, slip op. at 15 (D. Minn. Oct. 1, 2026) (citing Orlando R.V.V. v. Blanche, Civ. No. 26-1903, Docket No. 11, slip op. at 10 (D. Minn. Apr. 28, 2026)).

Even if a petitioner is detained pursuant to § 1225(b)(2), he still has the right to procedural due process.

Second, the facts in Sileymane D., Civil No. 26-2794, cited by Petitioner, are almost identical to the facts of the instant case: (1) the petitioner was subject to an order of removal; (2) his appeal of the removal order was pending; (3) he filed his habeas petition pro se from detention; and (4) he had been in detention approximately 9 months at the time the R&R was issued. See Docket No. 11, R&R at 1-2 (D. Minn. Aug. 3, 2026). The only difference between the two cases is that in Sileymane D., the respondents filed a response to the petition, something that was not done here because no Show Cause Order was entered. The response, however, did not persuade Magistrate Judge Foster. After conducting a Mathews v. Eldridge, 424 U.S. 319 (1976) due process analysis, she recommended that the petitioner be given a bond hearing. Id. at 6. Judge Nancy Brasel adopted the R&R. Sileymane D., Civil No. 26-2794, Docket No. 14 (D. Minn. Aug. 17, 2026).

In Sileymane D., Magistrate Judge Foster acknowledged that "numerous judges in this District . . . have held due process requires bond hearings for individuals detained under Section 1225(b)(2)(A) after their arrival in the United

States." Civil No. 26-2794, Docket No. 11 at 4-5 (citing 11 cases from this District, including two cases from this Court).

Likewise, applying the now-familiar Mathews v. Eldrige factors to the facts of this case, the Court finds that due process requires granting the petition. First, the Court finds that Petitioner's private interest—his liberty interest—weighs heavily in favor of relief. See Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004) (stating that "the interest in being free from physical detention" is "the most elemental of liberty interests").

The second Mathews factor, the risk of erroneous deprivation, also weighs in Petitioner's favor. Although Petitioner is being held pursuant to § 1225(b), a statute that does not provide for a bond hearing, he still has a constitutional right to a determination of whether he must wait out the Bureau of Immigration Appeals' decision in custody. The Court agrees with the reasoning in Jesus Alejandro G. A v. Blanche, where the court stated that detention during removal proceedings is "constitutionally permissible" but "the government's authority to detain noncitizens is not limitless and should advance two regulatory goals: (1) ensuring the appearance of noncitizens at their immigration proceedings; and (2) preventing danger to the community while those proceedings are ongoing." No.

26-CV-1932 (LMP/ECW), 2026 WL 1383138, at *11 (D. Minn. May 18, 2026) (citing Demore v. Kim, 538 U.S. 510, 531 (2003); Zadvydas v. Davis, 533 U.S. 678, 690 (2001)). The record contains no indication that these two factors have ever been evaluated with respect to Petitioner.

Finally, the third Mathews factor, the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," also weighs in Petitioner's favor. 424 U.S. at 335. Even though the government has obvious interests in protecting the public and in equal application of the laws, such interests are "not subverted by requiring the minimal procedural safeguard of a bond hearing." Manuel G. v. Blanche, Case No. 26-cv-2385 (SRN/ECW), 2026 WL 1256358, at *5. In addition, the fiscal burden of having Petitioner in custody during the pendency of his appeal weighs against the government.

Based on the above, the Court will order a bond hearing for Petitioner. The Court admits that doing so without input from Respondents causes some pause. However, Respondents had the opportunity to respond to Petitioner's objections to the R&R and failed to do so. Counsel for Respondents noted an appearance a week before the R&R was filed, so the Court finds it safe to assume

someone was watching the docket. (See Doc. 2 (appearance of counsel for Respondents).)

## IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **SUSTAINS** Petitioner's objections to the Report and Recommendation filed by Magistrate Judge Dulce Foster on August 24, 2026 **[Docs. 7, 8]**;

2. The Court **ADOPTS in part and REJECTS in part** the Report and Recommendation filed by Magistrate Judge Dulce Foster on August 24, 2026 **[Doc. 6]**;

3. Petitioner's Motion to Appoint Counsel **[Doc. 3]** is **DENIED**;

4. Petitioner's Application to Proceed in forma pauperis **[Doc. 4]** is **DENIED**; and

5. Petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** is **GRANTED as follows:**

   a. Federal Respondents are ordered to provide Petitioner with a bond hearing within one week after the issuance of this Order;

   b. Federal Respondents are ordered to both file notice of such bond hearing directly with the Court and provide notice to Petitioner within two (2) hours of its scheduling[2];

---

[2] The purpose of this is to provide timely notice to Petitioner so that he can prepare for the bond hearing and/or find an immigration attorney to represent him at the hearing.

6. The Immigration Judge is prohibited from denying the opportunity for a bond hearing based on a purported lack of jurisdiction;

7. If a bond hearing takes place that results in Petitioner's release, Respondents are ordered to:

    a. Release Petitioner into Minnesota;

    b. At a safe time and place communicated to Petitioner at least two (2) hours in advance so that Petitioner can arrange for transportation; and

    c. With all of Petitioner's personal effects in Respondents' possession, such as his driver's license, immigration papers, passport, cell phone, keys;

8. If a bond hearing does not take place within one week, Respondents are ordered to immediately release Petitioner from custody into Minnesota with the same conditions of release described in ¶ 7; and

9. Within 48 hours of the conclusion of the bond hearing or Respondents' decision to release Petitioner from custody, Federal Respondents must file a status report with the Court detailing the results of the Bond Hearing or its actions related to release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 8, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court